## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

WILLIE JAMES WASHINGTON,

       Petitioner,

v.                                                                                    CIV. NO. 05-0041 MCA/WPL

STANLEY MOYA and NEW MEXICO
ATTORNEY GENERAL PATRICIA
MADRID,

       Respondents.

### PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

Willie James Washington was convicted of possession of cocaine and was sentenced to eighteen months in prison, enhanced by one year pursuant to the state habitual offender statute. [Record Proper (RP) 423, 426]  After pursuing state appellate and collateral relief, he filed a petition for writ of habeas corpus in this Court. The matter is before me now on the state court record, Washington's petition, motion for summary judgment, and motion for transport order, as well as Respondents' motion to dismiss and related pleadings.  For the reasons that follow, I recommend that Washington's motions for transport order [Doc. 18] and for summary judgment [Doc. 16] be denied and that Respondents' motion to dismiss [Doc. 11] be granted.

### FACTUAL AND PROCEDURAL BACKGROUND

Washington was indicted for trafficking cocaine by distribution.  [RP 1]  At trial, Officer Simballa of the Albuquerque Police Department testified that while working undercover he told Washington that he was looking for a "twenty," meaning twenty dollars worth of crack cocaine. [Transcript (TR) 8/22/02 at 24-29]  In response, Washington removed two rocks of crack cocaine

from his mouth.  [TR 8/22/02 at 29, 31, 66]  Officer Simballa took the rocks as other officers arrested Washington.  [TR 8/22/02 at 30, 38]

After Simballa testified, the trial judge informed the prosecution and the defense that he was thinking about charging the jury on the offenses of possession of cocaine and trafficking by possession with intent to distribute.  The judge stated that he believed these offenses were included offenses of trafficking by distribution.  [TR 8/22/02 at 51]  After the State rested, the judge ruled that there was sufficient evidence for the jury to find Washington guilty of trafficking by distribution, trafficking by possession with intent to distribute, and simple possession.  [TR 8/22/02 at 72-76] Defense counsel asserted that trafficking by possession was not a lesser included offense of trafficking by distribution. [TR 8/22/02 80-84]   After giving both sides an opportunity to research the issue and hearing extensive arguments, the judge ruled that trafficking by possession was an included offense.  [TR 8/22/02 at 85-116]  Defense counsel then conferred with his client and announced that Washington would testify on his own behalf.  [TR 8/22/02 at 116-17]

Washington admitted that he was in possession of the cocaine, but denied that he intended to distribute it.  [TR 8/22/02 at 121]  The jury convicted him of simple possession and acquitted him of the remaining charges.  [TR 8/23/02 at 4-5]

Washington appealed, but the New Mexico Court of Appeals affirmed his conviction and the New Mexico Supreme Court denied his petition for writ of certiorari.  [RP 106, Doc. 13 Ex. O & P] Before Washington filed his notice of appeal, the State filed a supplemental information, alleging that Washington had several prior convictions and seeking enhancement of his sentence by eight years. [RP 51-52, 64]  After the New Mexico Supreme Court denied the certiorari petition, the trial judge entered an amended judgment, enhancing Washington's eighteen-month sentence by eight years due

to three prior felony convictions.  [RP 114-122]

Washington appealed from the amended judgment, arguing, among other things, that two of his prior convictions could not properly be used to enhance his sentence. [Doc. 13 Ex. R, S, V at i] The New Mexico Court of Appeals agreed with Washington on this point, but rejected all of his other arguments.  The court remanded the matter to the trial judge for resentencing.  [Doc. 13 Ex. Z]  Both Washington and the State filed a petition for writ of certiorari.  [Doc. 13 Ex. AA, BB]  The New Mexico Supreme Court denied Washington's petition, but granted the State's.  [Doc. 13 Ex. CC & DD]  The court later quashed the writ as improvidently granted, and the trial judge  resentenced Washington to eighteen months' imprisonment, enhanced by only one year for one prior felony conviction.  [Doc. 24 Ex. TT & WW]

In addition to pursuing appellate relief, Washington also filed a petition for state habeas relief. The trial judge denied the petition, and the New Mexico Supreme Court denied certiorari.  [Doc. 13 Ex. FF, HH, KK at 4-5][1]

### WASHINGTON'S MOTIONS FOR SUMMARY JUDGMENT AND FOR TRANSPORT ORDER

Washington has filed a Motion by Petitioner for Full or Partial Summary Judgment [Doc.16] and Petitioner's Motion for Transport Order [Doc. 18].  In the summary judgment motion,

---

[1] Neither the certiorari petition nor the order denying it are in the record, but the trial judge noted in one of his orders that the petition had been filed and denied.  [Doc. 13 Ex. KK at 4-5]  Respondents have stated in their supplemental answer that Washington exhausted all his claims and they have not raised any procedural defenses. [Doc. 24  at 4]  Therefore, I will consider the merits of the claims.  *See* 28 U.S.C. § 2254(b)(3); *Gonzales v. McKune*, 279 F.3d 922, 926 & n.8 (10th Cir. 2002); *Hooks v. Ward*, 184 F.3d 1206, 1216 (10th Cir. 1999).

In their original answer, Respondents argued that some of Washington's claims were unexhausted. [Doc. 13]  In response, Washington filed two memoranda in support of his petition.  Although one of these memoranda seems to raise issues that were not raised in state court, Washington states his desire in both of the memoranda not to raise any issue that is unexhausted.  [Docs. 14 & 15]

Washington argues that he is entitled to a default judgment because Respondents failed to file their answer on time.  In the motion for transport order, he requests to be transported to the hearing on his summary judgment motion or to any evidentiary hearing.

On January 19, 2005, this Court issued an order requiring Respondents to file their answer within thirty days after service of the order.  [Doc. 5]  The Court's record indicates that the order was served by mail on January 20, 2005, and the answer was filed on February 24, 2005.  [Doc. 8, 10, 13] Depending upon how the due date is calculated, the answer was either timely or, at most, two days late.  *See* FED. R. CIV. P. 6(a), (e); *see also* 4B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1171, at 595-96 (3d ed. 2002) (indicating that when service is made by mail and the due date falls on a weekend day, the due date is extended by three days from that day).  *But see* Advisory Committee Note to Rule 6(e), as amended effective Dec. 1, 2005 (indicating that when the due date falls on a weekend day, the due date is extended by three days from the next day that is not a Saturday, Sunday, or holiday).

Assuming that the answer was two days late, its tardiness did not delay a ruling on the merits. Therefore, a default judgment is not warranted.  *See Stines v. Martin*, 849 F.2d 1323, 1324-25 (10th Cir. 1988) (declining to decide whether a default judgment may ever be appropriate in a habeas case, but holding that it was an abuse of discretion to grant such a judgment when the government's response was only three weeks late and there was no pattern of delay); *Ruiz v. Cady*, 660 F.2d 337, 340-41 (7th Cir. 1981) (holding that it was an abuse of discretion to grant a default judgment when the government only delayed the proceedings by five days, even though the government had

demonstrated a pattern of delay).[2]

I will recommend that the summary judgment motion be denied.  Because the summary judgment motion and the motion to dismiss can be resolved without an evidentiary hearing, I will recommend that the motion for transport order be denied as well.  *See Trice v. Ward*, 196 F.3d 1151, 1159 (10th Cir. 1999).  Having considered Washington's dispositive motion, I turn now to Respondents' motion to dismiss, which argues generally that Washington's claims do not satisfy the standard for habeas relief set out in the Antiterrorism and Effective Death Penalty Act (AEDPA).

### STANDARD OF REVIEW

AEDPA provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Under the "contrary to" clause of section 2254(d)(1), the writ may issue if the state court arrived at a conclusion opposite to that reached by the Supreme Court on a question of law or if the

---

[2] I note that Respondents failed to comply with another order in this case.  Although they were ordered to file "all state court records and transcripts" by August 22, 2005 [Doc. 23], they did not file any portion of the record until September 1, 2005.  Moreover, Respondents only filed the record proper on September 1, necessitating further court orders [Docs. 27 & 29] to obtain the transcripts.  *See, e.g., Stines*, 849 F.2d at 1325 ("When the Government failed to respond to the petition . . . , the district court was entitled to invoke a sanction appropriate to the circumstances."); *Ruiz*, 660 F.2d at 341 (listing sanctions that may be imposed on the government).

state court decided a case differently than the Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). Under the "unreasonable application" clause, the writ may issue if the state court identified the correct governing legal principle from the Supreme Court's decisions but unreasonably applied that principle to the facts of the case. *Id.* at 413.

### THE TRAFFICKING BY POSSESSION CHARGE

In his first issue, Washington asserts that the trial judge erred by charging the jury on the offense of trafficking by possession with intent to distribute.[3] He argues that this charge was not authorized by NMRA Rule 5-204, which governs the amendment of indictments in New Mexico. He further argues that trafficking by possession is not a lesser included offense of trafficking by distribution under New Mexico law. These arguments raise only state law issues. *See Malicoat v. Mullin*, 426 F.3d 1241, 1252 (10th Cir. 2005); *United States ex rel. Wojtycha v. Hopkins*, 517 F.2d 420, 425 (3d Cir. 1975). Therefore, they are not cognizable in this habeas proceeding. *See* 28 U.S.C. § 2254(a); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

Washington also argues that inclusion of the new trafficking charge violated his privilege against self-incrimination. He claims that he felt compelled to testify that he possessed the cocaine for his personal use--thereby incriminating himself on the simple possession charge--to clear himself of the charge that he possessed the cocaine with the intent to distribute it. The New Mexico Court of Appeals noted that this argument was not preserved because Washington failed to raise it in the trial court. [RP 104] But the court went on to reject the argument on the merits, stating that "all of the evidence presented by the State alone would support the added charges. There was no new

---

[3] Washington concedes that the simple possession charge was properly submitted to the jury as a lesser-included offense of trafficking by distribution. [Doc. 1 at IV]

evidence that Defendant was forced to respond to by testifying."  [RP 105]

The Fifth Amendment does not absolutely prohibit self-incrimination, nor does it prohibit every element that may influence a person to make incriminating admissions.  It only prohibits self-incrimination that was obtained by genuine compulsion. *United States v. Washington*, 431 U.S. 181, 186-87 (1977).  Although Washington was undoubtedly presented with a difficult dilemma regarding whether to testify, there is no clearly established Supreme Court precedent indicating that this type of dilemma violates the Fifth Amendment.  *See, e.g., McGautha v. California*, 402 U.S. 183, 210-17 (1971) (holding that nonbifurcated capital trial did not violate the defendant's privilege against self-incrimination even though it forced him to incriminate himself on the question of guilt in order to testify regarding punishment), *vacated in part on other grounds by Crampton v. Ohio*, 408 U.S. 941 (1972); *United States v. Phillips*, 522 F.2d 606, 611 (10th Cir. 1975) ("[T]he Fifth Amendment privilege is not jeopardized by trying a defendant in the same proceeding for the basic offense and an aggravating circumstance . . . . Although defendants may face a choice of some difficulty, it is not a constitutionally impermissible choice."); *see also United States v. Alosa*, 14 F.3d 693, 695 (1st Cir. 1994) ("[W]hile the courts zealously guard a defendant's Fifth Amendment right not to testify at all, the case law is less protective of a defendant's right to testify selectively, addressing some issues while withholding testimony on others that are related.").

Washington also argues that the trial judge compromised his duty of impartiality by suggesting that the jury be instructed on trafficking by possession with intent to distribute, when there was no indication that the State would have otherwise sought such an instruction.  The New Mexico Supreme Court indicated that the judge's action was proper under a state statute that allows a trial judge to cause an indictment to be amended.  [RP 105]

Due process mandates a fair trial in a fair tribunal before a judge with no actual bias against the defendant or interest in the outcome of the case. *Bracy v. Gramley*, 520 U.S. 899, 904-05 (1997). A review of the transcripts reveals that the trial judge repeatedly emphasized the importance of providing Washington a fair trial. For example, he stated, "The most important thing is to make sure that both sides, even the Defendant's constitutional rights and legal rights are protected and we do things correctly the first time." [TR 8/22/02 at 87] In light of statements like these and the fact that state law apparently authorized the trial judge to suggest the additional charges, it does not appear that the trial judge was biased against Washington.

The New Mexico Supreme Court's rejection of Washington's first issue was not contrary to or an unreasonable application of clearly established federal law.[4]

### INEFFECTIVE ASSISTANCE OF COUNSEL

In his second issue, Washington argues that his counsel was ineffective. To establish ineffective assistance of counsel, a habeas petitioner must satisfy a two-part test. First, he must show that counsel's performance fell below an objective standard of reasonableness. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). Judicial scrutiny of counsel's performance is highly deferential; thus, the petitioner must overcome the presumption that the challenged action might be

---

[4] An amended indictment or a lesser-included offense instruction may violate due process if the defendant did not have adequate notice of the additional charge. *See Schmuck v. United States*, 489 U.S. 705, 717-18 (1989); *Russell v. United States*, 369 U. S. 749, 763 (1962); *see also Hunter v. New Mexico*, 916 F.2d 595, 598-600 (10th Cir. 1990) (discussing the constructive amendment doctrine). Although Washington's petition refers generally to a lack of notice, he does not indicate that he or his counsel would have done anything differently if the trafficking by possession charge had been explicitly stated in the indictment. [Doc. 1 at I-VI] The petition seems to disavow any argument that Washington was unprepared to defend against the added charge. [Doc. 1 at V] Given that he was acquitted of trafficking by possession, he could not have been prejudiced regarding that charge. For these reasons, I have confined my analysis to the issues of self-incrimination and judicial impartiality.

considered sound trial strategy. *Id.* at 689. Second, the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.* at 694.

**Motion to Dismiss**

Washington's first ineffectiveness claim is that his trial counsel should have filed a pretrial motion to dismiss the charge of trafficking by distribution on the basis of insufficient evidence. He asserts that if counsel had filed the motion, the State would have offered him the opportunity to plead guilty to simple possession with a reduced sentence to be served in jail rather than prison.

In rejecting this ground for state habeas relief, the trial judge held that if counsel had made a pretrial motion to dismiss, the judge would have denied it because the facts were in dispute. [RP 291] *Compare State v. Gomez*, 70 P.3d 753, 755 (N.M. 2003) (pretrial dismissal inappropriate when factual questions exist), *with State v. Foulenfont*, 895 P.2d 1329, 1330-31 (N.M. Ct. App. 1995) (pretrial dismissal appropriate when only a legal question exists). Counsel cannot be held ineffective for failing to make a meritless motion. *See United States v. Dixon*, 1 F.3d 1080, 1083 n.5 (10th Cir. 1993), *abrogated on other grounds by Florida v. White*, 526 U.S. 559 (1999); *Coleman v. Brown*, 802 F.2d 1227, 1234 (10th Cir. 1986).

Furthermore, Washington was acquitted by the jury of trafficking by distribution, thereby achieving the aim of a motion to dismiss. The trial judge stated that Washington's contention that the State would have offered him a reduced sentence to be served in jail was "sheer speculation-- indeed, fantasy," considering that the State sought to enhance Washington's sentence because of his three prior felony convictions. [RP 295] Whether or not it is a fantasy, this speculative contention

9

certainly falls far short of establishing a reasonable probability that the outcome of the proceeding would have been different.

***Impeachment of Simballa***

Washington next argues that counsel was ineffective in failing to impeach Officer Simballa. Washington claims that although Simballa testified at trial that he reached into Washington's hand and took the two crack rocks, he gave a prior statement to a defense investigator indicating that Washington handed him the crack rocks. As the trial judge noted, Simballa's prior statement was more damaging to Washington than Simballa's trial testimony. [RP 296] Evidence that Washington handed Simballa the crack rocks would be more supportive of the charge that Washington distributed the cocaine than evidence that Simballa took the rocks from Washington. Therefore, counsel was not ineffective in failing to mention the prior statement.

Washington also claims that although Simballa testified at trial that Washington did not get into Simballa's vehicle, he made a supplemental police report stating that Washington did get into the vehicle. Washington's recollection of the trial testimony is wrong. Simballa did testify that Washington got into his vehicle. [TR 8/22/02 at 29-30, 37-38] I also note that counsel cross-examined Simballa regarding a discrepancy between his report and his trial testimony. Although Simballa testified that Washington offered him the cocaine while inside the vehicle, he did not include that information in his report. [TR 8/22/02 at 43-45]

***Missing Witnesses and Reports***

Washington next argues that counsel was ineffective in failing to locate and interview the arresting officers and in failing to inform the jury that some witnesses were missing. In connection with this argument, he asserts that the State prevented the defense from accessing all the police

reports.

As the trial judge noted, it is obvious from his cross-examination that defense counsel had reviewed the reports of the officers who testified at trial, as well as at least one other officer, and there is nothing to suggest that either the testimony or the reports of the remaining officers would have benefitted the defense. [RP 298, TR 8/22/02 at 42-43, 69]  Consequently, Washington has not demonstrated any prejudice from the lack of testimony from the missing witnesses or from the purported lack of access to other police reports.

***Motion to Amend the Docketing Statement***

Washington next argues that his trial counsel waited until the deadline had run for amending the docketing statement before forwarding his file to appellate counsel, causing the amended docketing statement to be untimely.  The New Mexico Court of Appeals did not deny appellate counsel's motion to amend the docketing statement as untimely.  As noted by the trial judge, the motion was denied because the issue sought to be included in the docketing statement was not viable. [RP 105-06, 299] Thus, even if the issue had been included in the docketing statement, it would have been rejected on the merits.[5]

Washington also points out that the court of appeals stated that trial counsel failed to preserve his self-incrimination argument.  Because the court nevertheless addressed the merits of this argument, Washington cannot demonstrate that he was prejudiced by counsel's deficiency.  [RP 104-05]

_____

[5] The issue was that trial counsel was ineffective in failing to file the pretrial motion to dismiss, as discussed above.  [RP 105-06]  Appellate counsel sought to include this issue pursuant to *State v. Franklin*, 428 P.2d 982 (N.M. 1967), and *State v. Boyer*, 712 P.2d 1 (N.M. Ct. App. 1985), which set out the procedure for counsel to follow when the appellant wishes to raise issues that counsel has no confidence in or cannot in good faith support. [Doc. 13 Ex. M at 3]

11

*DNA Analysis of Cocaine*

Finally, Washington argues that counsel was ineffective in failing to obtain a DNA analysis of the crack rocks.  As noted by the trial judge, Washington testified under oath that he carried the crack rocks in his mouth.  [RP 300, TR 8/22/02 at 121-22, 125-26]  Because a correct DNA analysis would thus have provided further support for the State's case, counsel was not ineffective in failing to obtain one.

After a thorough examination of Washington's ineffectiveness claims, the trial judge rejected them all.  For the reasons just discussed, this decision was not contrary to or an unreasonable application of clearly established federal law.

### HABITUAL OFFENDER ENHANCEMENT

In his third issue, Washington attacks the enhancement of his sentence.   He  argues that two of his prior convictions could not properly be used for enhancement, that those two convictions should not have been counted separately because their sentences ran concurrently, and that there was insufficient evidence to establish his identity relative to those convictions.  The New Mexico Court of Appeals agreed with Washington's argument that the two convictions could not properly be used for enhancement and ordered the trial judge to resentence him.  [Doc. 13 Ex. Z at 4-5, 10] Washington filed his federal petition while the matter was pending in the New Mexico Supreme Court.  That court subsequently quashed its writ of certiorari, and the trial judge has resentenced Washington without considering the two prior convictions.  [Doc. 24 Ex. TT & WW]  Therefore, Washington's third issue is moot.

In his fourth issue, Washington argues that the trial judge erred by granting an extension of time to conduct the habitual offender proceeding.  While Washington's appeal of his conviction was

pending, the judge granted the State's motion for an extension of time to conduct the proceeding, based in part on the fact the appeal had not yet been concluded.  [RP 94]  Washington asserts that good cause for the extension was not shown, as required by NMRA Rule 5-604(C).  He also asserts that delaying the habitual offender proceeding until completion of the appeal of the conviction could deprive a defendant of the opportunity to serve his underlying sentence concurrently with the enhancement.  In connection with this argument, he asserts that because the judgment failed to specify that the enhancement would be served consecutively to the underlying eighteen-month sentence, he is entitled to serve the two sentences concurrently.

The New Mexico Court of Appeals held as a matter of state law that good cause for the extension of time was shown, that the judgment clearly provided that Washington was to serve the enhancement after the underlying sentence, and that Washington was not entitled to serve the sentences consecutively.  [Doc. 13 Ex. Z at 5-8]  Because Washington's arguments hinge on state law, they are not cognizable in this habeas proceeding.  *See Estelle*, 502 U.S. at 67-68; *see also Dellinger v. Bowen*, 301 F.3d 758, 764 (7th Cir. 2002) ("[A]n error in the . . . application of state sentencing rules does not present a cognizable claim for federal habeas relief."); *Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir. 1994) ("The decision whether to impose sentences concurrently or consecutively is a matter of state criminal procedure and is not within the purview of federal habeas corpus.").

### RECOMMENDED DISPOSITION

For the reasons stated herein, I recommend that the Motion by Petitioner for Full or Partial Summary Judgment [Doc.16] and Petitioner's Motion for Transport Order [Doc. 18] be denied, Respondents' Motion to Dismiss Petition for Writ of Habeas Corpus [Doc. 11] be granted, the

Petition for Writ of Habeas Corpus [Doc. 1] be denied, and this cause be dismissed with prejudice.

---

**THE PARTIES ARE NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636 (b)(1). **A party must file any objections with the Clerk of the District Court within the ten day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

---

WILLIAM P. LYNCH
UNITED STATES MAGISTRATE JUDGE